JAMES L. MARKS, JR. v. LELLA S. THOMPSON

No. 7210SC67

(Filed 26 April 1972)

1. Insurance § 79; Rules of Civil Procedure § 26— automobile liability insurance — pretrial discovery

   G.S. 1A-1, Rule 26(b) authorizes pretrial discovery of information concerning automobile liability insurance carried by the defendant even though the only issues raised by the pleadings relate to negligence, contributory negligence and damage.

2. Rules of Civil Procedure § 26— pretrial discovery of insurance — constitutionality

   The Rule of Civil Procedure authorizing the pretrial discovery of existence and contents of insurance does not subject a defendant's property to unreasonable search and seizure or authorize the taking of a defendant's property without due process of law. Fourth, Fifth and Fourteenth Amendments to the U. S. Constitution; Art. I, §§ 1 and 19 and Art. IV, § 13(2) of the N. C. Constitution.

   Judge VAUGHN concurs in the result.

   Judge BROCK dissents.

ON *certiorari* to review the order of *Brewer, Judge,* dated 4 October 1971, entered in the Superior Court held in WAKE County.

This is a civil action instituted by plaintiff to recover damages for personal injuries allegedly resulting from a collision between the automobiles of plaintiff and defendant on 29 January 1969.

This is an appeal from a pretrial order of the superior court directing the defendant to answer the following interrogatories:

"1. Were you insured by a policy of automobile liability insurance on January 29, 1969?

2. If so, state the name of the insurance carrier, the policy number, the effective dates and the amounts of coverage."

*Herman Wolff, Jr.; and Yarborough, Blanchard, Tucker & Denson by Charles F. Blanchard for plaintiff appellee.*

*Maupin, Taylor & Ellis by William W. Taylor; and Purrington & Purrington by A. L. Purrington, Jr., for defendant appellant.*

HEDRICK, Judge.

Pursuant to defendant's request made in response to plaintiff's motion that the appeal be dismissed as being premature, we have considered the appeal as a petition for certiorari and allowed the same.

[1]   Defendant contends that G.S. 1A-1, Rule 26(b), as amended, does not authorize pretrial discovery of information concerning automobile liability insurance carried by the defendant where the only issues raised by the pleadings relate to negligence, contributory negligence and damage. We do not agree.

Rule 26(b), as amended, in pertinent part provides:

*"Insurance agreements.*—A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement."

"Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." 7 Strong, N.C. Index 2d, Statutes, § 5, p. 77.

The language of Rule 26(b) is clear and unambiguous. We think the rule definitely and plainly allows discovery in the instant case of information sought in plaintiff's additional interrogatories regarding the existence and contents of any liability insurance agreements.

[2]  Citing Article I, sections 1 and 19, of the North Carolina Constitution, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and *Flake v. News Co.*, 212 N.C. 780, 195 S.E. 55 (1938), the defendant contends that G.S. 1A-1, Rule 26(b), is unconstitutional in that it subjects defendant's property to unreasonable search and seizure, and authorizes the taking of defendant's property without due process of law. The North Carolina Rules of Civil Procedure were enacted by the General Assembly pursuant to Article IV, § 13(2), of our Constitution which, in pertinent part, provides:

"(2)  *Rules of procedure.* * * * The General Assembly may make rules of procedure and practice for the Superior Court and District Court Divisions, and the General Assembly may delegate this authority to the Supreme Court. No rule of procedure or practice shall abridge substantive rights or abrogate or limit the right of trial by jury. * * * "

We hold that none of defendant's substantive rights guaranteed by the North Carolina Constitution or the Constitution of the United States are abridged by Rule 26(b), as amended, or the order dated 4 October 1971 entered pursuant thereto.

Affirmed.

Judge VAUGHN concurs in the result.

Judge BROCK dissents.